IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3192-D

APOSTLE ANTHONY L. MCNAIR, )
)
        Plaintiff, )
)
v. )    **ORDER**
)
NASH COUNTY DISTRICT )
ATTORNEY'S OFFICE, et al., )
)
        Defendants. )

Apostle Anthony L. McNair ("McNair" or "plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. McNair names as defendants the Nash County District Attorney's Office and a private defense attorney in Nash County. Id. McNair seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3]. On June 15, 2011, McNair filed a motion for summary judgment [D.E. 9]. As explained below, McNair's complaint is dismissed as frivolous.

McNair is a well-known litigant in this court, who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 WL 1743478, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). "[E]ach of plaintiff's frivolous lawsuits has involved allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court." Id. at *3. As a result, McNair is now under a pre-filing injunction in this district, imposed after he filed the instant action, which "enjoin[s] [him] from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477

(1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." Id.

On November 26, 2007, a jury in Nash County Superior Court convicted McNair of felony breaking and entering and felonious larceny after breaking and entering. Compl. 3–4; see State v. McNair, 196 N.C. App. 178, 674 S.E.2d 480, 2009 WL 917564, at *2 (2009) (unpublished table decision). On November 27, 2007, McNair was arraigned as a habitual felon and "the same jury found [him] guilty of attaining habitual felon status." Id. at *2, 4.

The North Carolina Court of Appeals affirmed his convictions for felonious breaking and entering and larceny, but reversed his conviction for habitual felon because "the trial court erred when it [tried] defendant on the habitual felon charge on the same day that he was arraigned." Id. at *6. McNair alleges that he was "re-sentenced[¹] . . . with the same prior convictions . . . reversed by the N.C. Court of Appeals, leaving plaintiff injure[d]." Compl. 4. McNair seeks an unspecified amount of damages for a host of injuries "resulting from defendant[s'] []reckless and neglig[e]nt actions." Id. at 4–5.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

¹ McNair is now incarcerated at Hyde Correctional Institution. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0629143 (last visited Aug. 24, 2011). McNair has failed to notify the court of his change of address, as required by Local Civil Rule 83.3, EDNC. The court cautions McNair to comply with the local rules of this court.

Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To the extent McNair seeks to assert an ineffective assistance of counsel claim under section 1983 against his former defense attorney Marsigli, the party charged with a constitutional deprivation must be a state actor or must act under the color of state law. See, e.g., DeBauche v. Trani, 191 F.3d 499, 506–07 (4th Cir. 1999). Defense attorneys do not act under color of state law and, therefore, are not amenable to suit under section 1983, whether privately retained, appointed by the state, or employed as public defenders. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). McNair fails to allege any facts to establish that Marsigli is a state actor. Thus, McNair's claim against Marsigli is dismissed as frivolous.

As for McNair's claim for damages against the Nash County District Attorney's Office, the claim is frivolous. Prosecutors are absolutely immune when carrying out the judicial phase of prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g.,

3

Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). McNair's claim arises out of such prosecutorial functions; therefore, the Nash County District Attorney's Office has immunity. See Van de Kamp, 129 S. Ct. at 861; Imbler, 424 U.S. at 431; Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Moreover, McNair has not alleged circumstances which could give rise to liability on the part of the District Attorney's Office for the acts of one of its prosecutors. See Connick v. Thompson, 131 S. Ct. 1350, 1359–64 (2011); Van de Kamp, 129 S. Ct. at 861. Therefore, McNair's claim against the Nash County District Attorney's Office is dismissed as frivolous.

In sum, the court DISMISSES McNair's action as frivolous. The court DENIES McNair's application to proceed in forma pauperis [D.E. 3] and motion for summary judgment [D.E. 9].

SO ORDERED. This 24 day of August 2011.

JAMES C. DEVER III
United States District Judge